See also D.C., 259 F.Supp. 408.

**UNITED STATES of America, by Ramsey CLARK, Attorney General, Plaintiff,**

**Danita Hampton, by Her Mother and Next Friend, Yvonne Hampton, et al., Plaintiff-Intervenors,**

**v.**

**CHOCTAW COUNTY BOARD OF EDUCATION et al., Defendants.**

Civ. A. No. 4246-66.

United States District Court

S. D. Alabama, S. D.

Sept. 3, 1968.

Kenneth L. Johnson, Dept. of Justice, Washington, D. C., Vernol R. Jansen, U. S. Atty., Mobile, Ala., for plaintiff.

Frankie Fields, Vernon Crawford, Mobile, Ala., Franklin E. White and Jack Greenberg, New York City, for plaintiff-intervenors.

J. Edward Thornton, Mobile, Ala., & John Christopher, Butler, Ala., for Choctaw County Board of Education.

## ORDER

PITTMAN, District Judge.

The plaintiffs' motion filed June 28, 1968, and the plaintiff-intervenor's motion as last amended July 15, 1968, requested the court to direct the Choctaw County Board of Education to discontinue the use of its freedom of choice plan averring it is constitutionally unacceptable within the meaning of the principles recently laid down by the Supreme Court of the United States in Green v. County School Board of New Kent County, Virginia, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 and to require the Board in lieu thereof to assign students to schools on the basis of geographic attendance zone and/or pairing. A hearing was had in open court, evidence taken, arguments made and the cause submitted on August 19, 1968.

From the bench the court stated that it found the available time before the commencement of the 1968–69 school year was insufficient in which to make a change involving such complex and far-reaching changes. The court further noted that there had been mutual action by the School Board and the plaintiff-intervenors which had impeded the functioning of the freedom of choice plan.

The court finds that the defendants are operating under a freedom of choice plan designed to disestablish public school segregation and to eliminate the effects of past enforced racial discrimination in the operation of the Choctaw County school system under this court's decree dated the 3rd day of September, 1966, and updated the 15th day of September, 1967.

There are five traditional white schools and three traditional all Negro schools with a total enrollment in the 1967–68 school year of 4,827. There were 95 white teachers in traditional white schools and 105 Negro teachers of which only two are in traditional white schools.

Since Oliver Brown et al. v. Board of Education, etc., 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, May 17, 1954, and prior to the summer of 1966, the defendants had not taken any steps to desegregate its school system.

In the school year 1966–67, approximately 60 Negro students attended traditional white schools. In the school year 1967–68, thirteen Negroes attended traditional white schools. No white students chose or attended traditional Negro schools.

At the end of the 1966–67 school year a complaint was made to this court that Negro children attending the traditional white schools were being harassed and this court issued an injunction on the 15th day of September, 1967, against this activity. There have been no further complaints.

However, the obstacles to the fulfillment of the freedom of choice plan are not exclusively the fault of the defendants, the white children, nor the white

community. The Negro community, including the Choctaw County Civic League, and Negro children promoted and staged a boycott of the schools at the beginning of the 1967–68 school year. 142 Negro children had made a choice to attend the traditional white schools, but following the boycott, only 13 actually entered them. The Negro school children had stayed out of school in support of the boycott en masse for approximately two weeks. How much additional adverse effect the Negro boycott affected the freedom of choice plan is uncertain, but without question, its progress was slowed and impeded.

■ No group, white or black, can be tolerated or permitted to take the law into their hands and attempt to dictate selectively which laws will be enforced and which laws will not be enforced, nor will they be permitted to dictate the manner and application of the enforcement of legal remedies by such means as harassment and boycotts.

The court finds and concludes that the freedom of choice plan as a method for disestablishing the dual system for education in Choctaw County, Alabama, has not yet worked effectively for the reasons above noted and for the obvious reason that the defendants have not been sufficiently aggressive in implementing the freedom of choice plan. The defendants rescinded its original freedom of choice plan in the summer of 1966 and re-assigned to traditional Negro schools all Negroes who had exercised their choice to attend traditional white schools. The plan was re-instated by order of this court on September 3, 1966. The only faculty integration has been the placement of two Negro teachers in traditional white schools. There are no white teachers in traditional Negro schools and no plans to further faculty desegregation. The Fifth Circuit Court of Appeals has stated:

"We think it is important to do three positive things. The first is to rule out the voluntary approach. The second is to fix an immediate target date. The third is to fix the date * * for full compliance.

So there will be no mistake about it, we spell out * * * the proposition that there is an affirmative duty on the part of School Boards to do everything—the word is everything—within their power to meet the decree-imposed complete desegregation of faculties. It is not, it cannot be, left to the voluntariness of teacher applicants or transfers. * * * The trial court likewise has a duty to require specific interim target dates and accomplishments which in a short course remaining will assure full compliance by "c" day." United States et al. v. Bd. of Ed. of City of Bessemer (United States et al. v. Bd. of Ed. of City of B'ham), 396 F.2d 44, 50.

■ Freedom of choice must not be permitted to become a bastion manned to perpetuate segregation or to minimize the desegregation of the dual school system. It must not be used in an effort to placate the courts or Negroes seeking to assert their constitutional rights.

■ If freedom of choice is to continue over the course of desegregation it must be used as an instrument to accomplish its constitutional purpose, the desegregation and abolishment of the dual school system.

Freedom of choice has a great potential which has not yet been realized in Choctaw County. The court takes note that in a rural system such as we have here, which has a division of 48% white and 52% Negro, that a zoning or pairing plan which might instantly abolish the dual system, would be accompanied by (1) an emotional wrench, a fact as big as life, and by (2) enormous educational problems which cannot be ignored occasioned by an educational gap which exists between the races.

■ I do not attempt to determine all the causes nor remedies for this gap. Suffice it to say that it exists. There is no doubt but that past segregation and the dual school system have played a major role in creating, and if permitted

to continue, will perpetuate this gap. All constitutional barriers to the closing of this gap must be removed.

Other alternatives, including those suggested by the Supreme Court in Green v. County School Board of New Kent County, Virginia, supra, have been considered, but this court finds it is not advisable to enter any order to use such alternative plans at this time.

 I have faith and confidence that freedom of choice can be an effective instrument to accomplish the constitutional goal in a smooth and orderly manner which can mitigate the problems. The court believes the freedom of choice plan is at the present time the most feasible plan for the defendants to pursue for the 1968–1969 school year. However, "if it works" is the test. Steps are herein suggested to help make freedom of choice work. If it does not work, alternative means must be employed which could be harsher and more demanding. The dual school system must go. It is your duty to abolish it and the court's duty to see that you do.

This court hereinafter will enter an order in this case denying the plaintiffs' motion for further relief upon the conditions that the Choctaw County School Board take affirmative steps, agressively so, in the operation of the school system between now and not later than the second semester of the 1968–1969 school year, designed to desegragate its school system further and designed to permit the freedom of choice plan to remain in effect in said system.

 It is therefore ordered, adjudged, and decreed that the motions of the plaintiffs under consideration seeking to have this court declare the freedom of choice plan for desegregating the public school system of Choctaw County, Alabama, constitutionally unacceptable, be and the same is hereby DENIED. This denial is specifically conditioned upon the Choctaw County School Board meeting the following conditions now and not later than the beginning of the second semester of the 1968–69 school year, to wit:

(1) A minimum of 10% of the Negro school population attend traditional white schools in 1968–1969, and plans made now to have not less than 20% in attendance the school year beginning 1969–1970.

(2) That in *all* schools in the county system that a ratio of teachers of the opposite race be not less than 6 of the majority race to 1 of the minority race in a particular school.

In the event of overcrowding of a particular school or schools, the defendants are hereby ordered to reassign students on the sole basis of proximity to the school they have chosen, i. e., reassignment will be made starting with the students who live furtherest away from the overcrowded school which they chose.

It is further ordered that the provisions in the decree and plan of this court heretofore in effect, except to the extent that the modification herein ordered conflicts, remain in full force and effect until further orders of this court.

It is further ordered that the Superintendent of Education of the Choctaw County Public School System serve upon the opposing parties, and file with this court not later than 30 days after the commencement of each semester of the 1968–69 school year, a report tabulating the choice applications, the students attending schools of the race opposite the majority in attendance in that school, and the number of the teachers in each of the schools in the system designated by race.

It is further ordered that the United States Marshal for this district serve a copy of this order upon each of the defendants.